**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Email: Norm@bamlawca.com
Website: www.bamlawca.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EASTERBROOK, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTER-CON SECURITY SYSTEMS, INC., a California Corporation,<br><br>Defendant. | Case No.  **'15CV0565 BEN WVG**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, *et seq*.]; and,<br><br>2. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681, *et seq*.].<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Matthew Easterbrook ("PLAINTIFF"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

**THE PARTIES**

1. Defendant Inter-Con Security Systems, Inc. ("INTER-CON" or "DEFENDANT") at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Inter-Con Security Systems Inc. is a security company that provides physical security services to government, commercial, and Fortune 100 customers in the United States and internationally. Its services include security personnel, security management, security program design and development, training of security personnel, security program management and administration, security data development and analysis, classified information safeguarding, investigations, and representation of clients before regulatory authorities. Inter-Con Security Systems Inc. was founded in 1973 and is headquartered in Pasadena, California.

3. Plaintiff Matthew Easterbrook has been employed by INTER-CON in California since June of 2012. Plaintiff applied for work at in the summer of 2012. In connection with his employment application, PLAINTIFF completed INTER-CON's standard application materials. Among other things, these application materials included a background investigation information and consent form.

4. During the application process PLAINTIFF executed the background check disclosure and release authorization form permitting INTER-CON to obtain a consumer report, which form included, among other things, a liability release provision.

5. PLAINTIFF brings this Class Action on behalf of himself and a nationwide class, defined as all employees or prospective employees of DEFENDANT in the United States who were the subject of a consumer report that was used by DEFENDANT and who executed DEFENDANT's standard FCRA disclosure form that included a liability

release clause (the "CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS PERIOD").

## NATURE OF THE ACTION

6. The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA") provides individuals with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form. The authorization and disclosure form most be executed and signed by the applicant prior to an employer requesting or conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. *The authorization and disclosure must stand alone*.

7. In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted a liability release provision into forms purporting to grant DEFENDANT the authority to obtain and use consumer report information for employment purposes. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand alone forms, and not include any additional information or agreements. DEFENDANT's decision to include liability release provisions in its authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC"). *See* **Exhibit #1** and incorporated by this reference herein ("The inclusion of such a [liability] waiver in a disclosure form will violate . . . the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

8. In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained

consumer reports without proper authorization because the authorization and disclosure form signed by PLAINTIFF failed to comply with the requirements of the FCRA. The inclusion of the liability release clause and release of claims provision in DEFENDANT's authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that DEFENDANT obtained a consumer report without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

**FACTUAL ALLEGATIONS**

9. PLAINTIFF sought employment with DEFENDANT in the summer of 2012. In connection with his employment application, PLAINTIFF completed DEFENDANT's standard application materials. These application materials included a background check disclosure and authorization form and included on the form was extraneous information, including but not limited to, a liability release clause and a provision purporting to a release of all of PLAINTIFF's claims. Following his submission of the employment application materials DEFENDANT conducted a background check on PLAINTIFF and PLAINTIFF was hired to work for DEFENDANT as a security guard.

10. The background check disclosure and authorization form disclosed that DEFENDANT intended to conduct a background investigation on the applicant that would involve investigating the applicant's work record, references and education. The background check disclosure and authorization form also included a liability release provision.

11. The inclusion of this liability release provision in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*.

12. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause(I)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).

13. After PLAINTIFF executed the background check disclosure and authorization form in the summer of 2012, DEFENDANT obtained a consumer report on the PLAINTIFF notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA.

14. Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that "the form should not include any extraneous information." *See* **Exhibit #1**. Further, the FTC has also specifically warned that "[t]he inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

15. By including a liability release clause in its background check disclosure and authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

## **THE CLASS**

16. PLAINTIFF brings the First and Second Cause of Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a nationwide Class, defined as all employees or prospective employees of DEFENDANT in the United States who were the subject of a consumer report that was used by DEFENDANT and who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause (the "CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CLASS

PERIOD").

17. To the extent equitable tolling operates to toll claims by the CLASS against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

18. DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

19. The CLASS is so numerous that joinder of all CLASS Members is impracticable.

20. DEFENDANT uniformly violated the rights of the CLASS by:

(a) Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

21. Common questions of law and fact exist as to members of the CLASS, including, but not limited, to the following:

(a) Whether DEFENDANT required the CLASS Members to sign an background check disclosure and authorization form;

(b) Whether DEFENDANT's background check disclosure and authorization form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA");

(c) Whether DEFENDANT violated the FCRA by including a liability release in its background check disclosure and authorization form;

(d) Whether DEFENDANT violated the FCRA by including a waiver of all rights clause in its background check disclosure and authorization form;

  (e) Whether DEFENDANT violated the FCRA by procuring consumer report information based on invalid authorizations;

  (f) Whether DEFENDANT's violations of the FCRA were willful;

  (g) The proper measure of statutory damages and punitive damages; and,

  (h) The proper form of injunctive and declaratory relief.

22. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

  (a) The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

  (b) Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CLASS will apply uniformly to every member of the CLASS;

  (c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CLASS. PLAINTIFF, like all the other members of the CLASS, had a credit report obtained on his behalf by DEFENDANT prior to obtaining valid authorization to do so in violation of the FCRA as described herein. PLAINTIFF and the members of the CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

  (d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CLASS that would make class certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all employees in the CLASS.

23. In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

    (a) Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CLASS will create the risk of:

        1) Inconsistent or varying adjudications with respect to individual members of the CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; and/or,

        2) Adjudication with respect to individual members of the CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    (b) The parties opposing the CLASS have acted or refused to act on grounds generally applicable to the CLASS, making appropriate class-wide relief with respect to the CLASS as a whole;

    (c) Common questions of law and fact exist as to the members of the CLASS, with respect to the practices and violations of the FCRA as listed above, and predominate over any question affecting only individual CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

        1) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be

avoided to recover the relatively small amount of economic losses sustained by the individual CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of employment litigation because as a practical matter a substantial number of individual CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

24. This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a) The questions of law and fact common to the CLASS predominate over any question affecting only individual CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS because in the context of employment litigation a substantial number of individual CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

(d) PLAINTIFF, and the other CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h) The members of the CLASS are readily ascertainable from the business records of DEFENDANT. The CLASS consists of all employees or prospective employees of DEFENDANT in the United States who completed DEFENDANT's background check disclosure and authorization forms that included a liability release allowing DEFENDANT to obtain a consumer report during the CLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all FCRA claims arising out of the conduct of DEFENDANT as to the members of the CLASS.

25. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**JURISDICTION AND VENUE**

26. This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. 1681p of the FCRA, codified at 15 U.S.C. § 1681, *et seq*.

27. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (I) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices and facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CLASS, including the PLAINTIFF in this District.

## FIRST CAUSE OF ACTION

**For Failure to Make Proper Disclosure in Violation of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(I), *et seq*.]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

28. PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 27 of this Complaint.

29. DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including a liability release clause in the background check disclosure and authorization and disclosure form that PLAINTIFF and other CLASS Members were required to execute as a condition of employment with DEFENDANT.

30. The violations of the FCRA were willful. DEFENDANT knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

31. PLAINTIFF and the CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

32. PLAINTIFF and CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

33. PLAINTIFF and CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

34.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.     DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

36.     The violations of the FCRA were willful. DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

37.     PLAINTIFF and the CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

38.     PLAINTIFF and CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

39.     PLAINTIFF and CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CLASS:

    A)     That the Court certify the First and Second Cause of Action asserted by the CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)  A determination and judgment that DEFENDANT willfully violated the 15 U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by failing improperly including liability release language in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFF and CLASS Members without having proper authorization to do so;

C)  Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFF and the members of the CLASS in an amount equal to $1,000 for PLAINTIFF and each CLASS Member for DEFENDANT's willful violation of the FCRA:

D)  Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFF and other CLASS Members;

E)  An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

F)  Such other and further relief as the Court deems just and equitable.

Dated:  March 12, 2015           BLUMENTHAL, NORDREHAUG & BHOWMIK

By: */s/Norman B. Blumenthal*
    Norman B. Blumenthal
    Attorneys for Plaintiff

# **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   March 12, 2015          BLUMENTHAL, NORDREHAUG & BHOWMIK

By: */s/Norman B. Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff

G:\D\Dropbox\Pending Litigation\Intercon Security- Easterbrook\p-Complaint-Final.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# **EXHIBIT #1**

23
24
25
26
27
28



PROTECTING AMERICA'S CONSUMERS

ABOUT THE FTC | NEWS & EVENTS | ENFORCEMENT | POLICY | TIPS & ADVICE | I WOULD LIKE TO...

Home » Policy » Advisory Opinions » Advisory Opinion to Hauxwell (06-12-98)

# Advisory Opinion to Hauxwell (06-12-98)

June 12, 1998

Richard W. Hauxwell, CEO
Accufax Div., Southwest
P.O. Box 35563
Tulsa, OK 74153-0563

Dear Mr. Hauxwell:

### Re: Sections 604 and 606 of the Fair Credit Reporting Act

This is in response to your letter asking for clarification of sections 604 and 606 of the Fair Credit Reporting Act ("FCRA"). You note that your company is a consumer reporting agency and that you are asking these questions on behalf of your clients. Your questions are addressed below in the order in which you presented them.

*1. Is it safe for us to assume, based on your opinion letter to Mr. Richard Steer, that we can combine the disclosure and release form, which includes applicant identifiers, in one form such as the enclosed sample?*

Section 604(b) of the FCRA requires any employer who intends to obtain a consumer report for employment purposes to disclose this to the applicant or employee (in a document that consists solely of the disclosure) and to obtain the applicant or employee's written permission. As noted in the letter you cited (Steer, 10/21/97), it is our position that the disclosure notice and the authorization may be combined. If they are combined, identifying information (such as date of birth, Social Security number, driver's license number, and current and former addresses) may be included in the form. However, the form should not contain any extraneous information.

While we believe that you may combine the disclosure and authorization

### More Information

This is the text of an advisory opinion. More information may be available at the page(s) below:

Section 604(b): Consumer reports for employment purposes

Section 604(b)(2): Pre-report disclosure to consumer by employer; authorization by consumer

Section 606(a): Disclosure of preparation of investigative consumer report

Section 606(b): Disclosure of nature and scope of report

(and include identifying information) as you have in the draft form that you included with your letter, we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist "solely" of the disclosure that a consumer report may be obtained for employment purposes. Moreover, it is a general principle of law that benefits provided to citizens by federal statute generally may not be waived by private agreement unless Congress intended such a result. Brooklyn Savings Bank v. O'Neill, 324 U.S. 697 (1945). We note that no authorization for a waiver is contained in the FCRA; nor does the legislative history show that Congress intended that consumers should be able to sign away their legal rights under the Act.(1) Accordingly, employers and other users of information covered by the FCRA may not require consumers to waive their rights under the law.

**2. Our members would also like further clarification with regard to Section 606 as to when a Summary of Rights should be provided to the applicant. The language of the law is confusing.**

Section 606 of the FCRA mandates that specific procedures be followed when an investi-gative consumer report is requested by an employer or other user who has a permissible purpose to obtain the report. First, Section 606(a)(1)(A) requires any person procuring an investigative consumer report to disclose this fact to the affected consumer not later than three days after the date on which the report was first requested. Second, Section 606(a)(1)(B) requires that the dis-closure include a statement of the consumer's right to obtain additional information and a copy of the summary of consumer rights prescribed by the Commission. Finally, Section 606(b) sets out the information that must be disclosed when the consumer requests a disclosure pursuant to Section 606(a)(1)(B).

The issue that you raise concerns exactly at what point the Commission's summary of rights must be sent. The language of Section 606(a)(1)(B) is not entirely clear in mandating that the disclosure "includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section [the nature and scope of the inves-tigation] and the written summary of the rights of the consumer prepared pursuant to section 609(c)." As you can see, the reference to the summary of rights comes after a reference to sub-part 606(b), but in a general discussion of the content of the sub-part 606(a)(1)(A) notice.

There are two possible interpretations of this ambiguous language: (1) that Congress in-tended for the summary to be sent with the initial Section 606(a)(1)(A) notice (that an investiga-tive consumer report has been or may be procured); or (2) that Congress intended that the sum-mary be provided with the subsequent Section 606(b) disclosure of the "nature and

scope" of the investigation. The Commission's "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA,"(2) states that the summary of rights should be provided with the Section 606(a) notice that an investigative consumer report has been or may be obtained. However, because the statutory language may be interpreted to require that the summary be sent with the subsequent Section 606(b) disclosure, it is unlikely that the Commission's staff would recommend any en-forcement action if the notice is sent with the Section 606(b) notice instead of the Section 606(a) notice.

**3. We would like your opinion regarding end-user organizations which procure criminal and other public record information for employment purposes directly from a federal, state, or county record repository. Would the government repository (agency) providing the information directly to the end-user organization ... requesting the information be considered a consumer reporting agency and subject to the same laws as a privately held consumer reporting agency?**

In general, information that is obtained by an employer directly from a federal, state or county record repository is not a "consumer report" because the repository (such as a courthouse or a state law enforcement agency) is not normally a "consumer reporting agency" and is itself not covered by the FCRA. The attached staff letters (Copple, 6/10/98; Goeke, 6/9/98) discuss this issue in more detail. Therefore, an employer who obtains information directly from a public record source is not subject to the FCRA as to that information. However, because of the fact that information in public record sources may be inaccurate or incomplete, we believe that em-ployers who use this type of information should voluntarily disclose to consumers the nature and substance of any public record information that they rely upon in taking any adverse action. If the information is, in fact, inaccurate or incomplete, the consumer may then take steps to correct the problem.

I hope that this information is helpful to you. The views that are expressed above are those of the Commission's staff and not the views of the Commission itself.

Sincerely,

William Haynes
Attorney
Division of Credit Practices

1. The FCRA is part of the Consumer Credit Protection Act, 15 U.S.C. § 1601. We note that the Truth In Lending Act, which is Subchapter I of the Consumer Credit Protection Act, does permit consumers to waive certain rights.

2. The Commission's notice may be found at 16 C.F.R. § 601, Appendix C